UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 19-CR-410 (CRC)** |
| | : | |
| v. | : | |
| | : | |
| **NORMAN MURPHY** | : | |
| | : | |
| **Defendant.** | : | |

## RESPONSE TO DEFENDANT'S MOTION
## FOR DISCOVERY OF JURY SELECTION MATERIALS

The United States submits this response to Defendant's Motion for Discovery of Jury Selection Materials. ECF No. 48. On March 27, 2021, Defendant filed a motion asking this Court "to grant him discovery of information relating to the selection of petit juries in this district during the Covid-19 pandemic, in order to ensure that jurors have been selected from a fair cross-section of the community, as guaranteed by the Sixth Amendment to the Constitution of the United States and the Jury Selection and Service Act." Motion at 1. The United States has no objection to this request in general, but would ask to receive a copy of any information disclosed to the defendant in response to his motion.[1]

Title 28, United States Code, Section 1867(f) governs the release of such information. It says:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant

---

[1] Defendant's Motion speculates that "[g]iven that Covid-19 is afflicting some demographic groups more than others, potential jurors from those harder-hit demographic groups might be disproportionately exempted from jury service." Motion at 4. Based on the Court's ability to empanel grand jurors since July of 2020, the government has no reason to believe that there will be any issue in securing a petit jury for this case, but that issue is separate from the defendant's ability to request records under 28 U.S.C. § 1867(f). While the government understands that the defendant is entitled to certain documentation under the statute, the government objects to any suggestion in the defendant's motion that there is in fact a deficiency in the Court's process for the selection of jurors in this case, that there has been any failure to comply with the provision of Title 28 of the United States Code, or that Defendant's request for records should be cause for any delay to the trial set in this case.

> to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

28 U.S.C. § 1867(f). Furthermore, the Supreme Court has held that § 1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists." Test v. United States, 420 U.S. 28, 30 (1975). For the foregoing reasons, the United States has no objection to this Court providing the parties with copies of the contents of records used in connection with the jury selection process for inspection so long as those records exist, are ascertainable, and are relevant to insuring a fair cross section of the community has been selected.[2]

Defendant's Motion specifically requests "(1) deposition(s) of Jury Office personnel able to explain how this district's jury-selection process works, as well as to explain what documents exist and whether they would be informative; (2) information relating to the formulation of jury venires during the Covid-19 pandemic." Motion at 4. However, a defendant's "unqualified right to records or papers encompasses only such data as a defendant needs to challenge the jury selection process." United States v. O'Reilly, No. 05-CR-80025, 2008 WL 115537, at *3 (E.D. Mich. Jan. 10, 2008). It is not clear why a deposition would be necessary, where the clerk provides access to the records themselves that would provide the defendant with sufficient information to challenge the jury selection process.

---

[2] The government would note that certain materials related to Defendant's Motion are publicly available. See, e.g., https://www.dcd.uscourts.gov/sites/dcd/files/JurySelectionPlan2016.pdf (Jury Selection Plan of the United States District Court for the District of Columbia, which was last amended in October of 2012 (and reviewed February 29, 2016)).

The government would note that it is unclear from Defendant's Motion whether he has requested any records directly from the clerk – and if any records have been improperly withheld after such a request has been made. See, e.g., United States v. Nesmith, 20-CR-156 (TNM), November 4, 2020, Minute Order (denying defendant's motion requesting records as moot without prejudice to defendant re-raising a motion for access to specific records that have been improperly withheld from him).[3] Therefore, Defendant's Motion may be rendered moot upon the defendant contacting the clerk's office and requesting the relevant records under 28 U.S.C. § 1867(f).[4]

Respectfully submitted,
CHANNING D. PHILLIPS
Acting United States Attorney

/s/ Emory V. Cole
EMORY V. COLE
PA. Bar No. 49136
JEFFREY POULIN
Assistant United States Attorneys
555 4th St. NW
Washington, D.C. 20001
(202)252-7692 (Office - Cole)
Emory.Cole@usdoj.gov
Jeffrey.Poulin@usdoj.gov

---

[3] See id. ("The Court notes that 28 U.S.C. 1867(f) states that 'parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times....' More, the D.C. Circuit has explained that 'no prior court order is necessary.' See United States v. Bagcho, 923 F.3d 1131, 1137 (D.C. Cir. 2019) . . . . 'Were a defendant or his designated agent to be denied access to jury records as the Act provides, assistance could be sought from the district court....'").

[4] In fact, in a similar motion filed in United States v. Demontra Harris, 19-CR-358 (RC), Hon. Judge Rudolph Contreras held in the Court's Minute Order (March 29, 2021) the following:
> "Defendant's Motion for Discovery of Jury Selection Materials, the Court would like to make clear to Mr. Harris and his counsel that "[t]o obtain access to the jury records, a defendant need only indicate that he is preparing a motion under the [Jury Selection and Service Act of 1968] and request the materials from the jury office." United States v. Bagcho, 923 F.3d 1131, 1137 (D.C. Cir. 2019), cert. denied, 140 S. Ct. 2677 (2020). The Court may intervene if Mr. Harris is denied access to his jury selection materials as he is entitled, but "otherwise, no prior court order is necessary." Id. Accordingly, Mr. Harris should proceed by submitting his request directly to the jury office, as he does not need any specific order from this Court to do so."

## **CERTIFICATE OF SERVICE**

  This is to certify that on March 30, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.
.

               ___*s/ Emory V. Cole*_____
               Assistant United States Attorney